IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA
FIFTH JUDICIAL CIRCUIT

| | |
|---|---|
| JOY CREWS, § § § Plaintiff, § § -vs- § Civil Action No. CV 2005 - 207 § DOLGENCORP, INC., and Fictitious § **JURY TRIAL DEMANDED** Defendants "A", "B", "C", whether § *(Discovery Served Herewith)* singular or plural, are those other § persons, corporations, firms, or other § entities whose wrongful conduct caused § or contributed to the injuries and § damages to Plaintiff, all of whose true § **Filed in Office** and correct names are unknown to § Plaintiff at this time, but will be § DEC 2 0 2005 substituted by amendment when § ascertained, § **KIM S. BENEFIELD** § Clerk of Circuit Court Defendants, § § | |

## COMPLAINT

### JURISDICTION

1. This Court has subject-matter and personal jurisdiction over this action pursuant to § 6-3-7(a)(3) Code of Alabama (1975), *as amended* since Plaintiff is a resident of Randolph County, Alabama and Defendant does business in Randolph County, Alabama. Plaintiff alleges actionable conduct arising under both Alabama statutory and common law, as well as violations of federal statutes

## IDENTITY OF THE PARTIES

2. Plaintiff Joy Crews (hereinafter "Plaintiff" or "Crews") is over the age of nineteen (19) years and resides in Randolph County, Alabama. Plaintiff was employed by Defendants in both Georgia and Alabama.

3. Defendant Dolgencorp, Inc. is a foreign corporation that does business in Randolph County, Alabama. This Defendant is an employer as described in the statutory schemes found at § 25-1-20 Code of Alabama (1975), et seq., the Alabama Age Discrimination in Employment Act ("AADEA") and 29 U.S.C. § 201, et seq., the Fair Labor Standards Act ("FLSA").

4. Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## FACTUAL ALLEGATIONS

5. Defendant has employed more than 20 employees for each workday in each of 20 or more calendar weeks in the current or preceding year, and continues to do so. Defendant is an "employer" within the meaning of the AADEA and FLSA.

6. At all times relevant to this action, Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA.

7. At all times material to this action, the Plaintiff was an "employee" of

2

Defendant as defined by the FLSA and AADEA and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

8. At all times relevant to this complaint, Plaintiff was over the age of 40 years while employed by Defendant. Plaintiff's birth date is January 5, 1963.

9. At all times relevant to this complaint, the services performed by Plaintiff were a necessary and integral part of Defendant's business and directly essential to its success.

10. Plaintiff is a member of a constitutionally protected class.

11. Plaintiff was employed by Defendants from approximately January 28, 2003 until July 15, 2005. During this time period, Plaintiff worked for Defendants in stores located in Georgia and Alabama.

12. During Plaintiffs employment she was made to work off the clock. Plaintiff was prevented from recording her hours correctly and did not receive the statutorily required payments for hours worked over 40. Defendant's conduct amounts to a reckless, willful and/or intentional violation of the FLSA.

13. During Plaintiffs employment she was demoted and ultimately terminated because of her age. The store manger under whom Plaintiff worked expressly stated that she preferred to work with younger employees and recommended that young employees be hired and promoted. Defendant's conduct amounts to a reckless, willful and/or intentional violation of the AADEA since she was demoted and discharged based on her age.

3

14. The persons hired to replace Plaintiff were younger and had less experience and seniority than Plaintiff.

15. As a direct and proximate consequence of Defendant's actions, Plaintiff has been injured and damaged in at least the following ways: she was caused to suffer direct and continuing financial losses, including, but not limited to, lost salary, lost benefits, lost retirement proceeds, and other financial opportunities; she was not afforded an opportunity to advance in the Defendant corporation and was denied the benefits thereof; she has suffered other financial damages, she has suffered and will continue to suffer embarrassment and humiliation; she has suffered and will continue to suffer mental anguish and emotional distress; she has suffered and will continue to suffer lost career opportunities; she has been otherwise injured and damaged.

16. Defendant has exhibited a pattern and practice of wrongful conduct identical to that perpetrated on Plaintiff. Defendant's knew, or should have known, that this conduct was occurring and did not change it because of the profitability of such practices.

17. At the time Plaintiff was terminated, she was forty-two (42) years old.

18. Attached as Exhibit "A" is Plaintiff's right to sue letter she received from the EEOC.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court assume jurisdiction of this action, and after a trial by struck jury:

4

1. Enter a judgment that the employment practices, policies, procedures, conditions and customs of the Defendants are violative of the rights of the Plaintiff as secured under the AADEA and FLSA; and that,

2. The Plaintiff be entitled to back-pay, future lost earnings, back and future lost benefits, past and future lost retirement and stock benefits, compensatory damages, punitive damages and liquidated damages and/or prejudgment interest; and that,

3. Plaintiff is entitled to any other relief and benefits as the cause of justice may require, including, but not limited to, an award of cost, attorney's fees, interest and expenses.

_____
JERE L. BEASLEY (BEA020)

_____
W. DANIEL "DEE" MILES, III, (MIL060)

_____
ROMAN A. SHAUL (SHA056)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103
(334) 269-2343 telephone
(334) 954-7555 facsimile

### JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL

5