IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOY CREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | |
| ) | 3:06-cv-00047-MEF-VPM |
| DOLGENCORP, INC. ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant Dolgencorp, Inc. ("Defendant" or "Dolgencorp") answers Plaintiff's Complaint as follows:

### JURISDICTION

1. Admitted that the United States District Court for the Middle District of Alabama possesses subject-matter and personal jurisdiction over this action. Dolgencorp is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 that the Plaintiff is a resident of Randolph County, Alabama and, therefore, denies same. Admitted that Dolgencorp does business in Randolph County, Alabama. Dolgencorp admits that the Plaintiff alleges actionable conduct arising under Alabama statutory law and federal statutory law, but denies that she alleges actionable conduct arising under Alabama common law or that Dolgencorp committed any violation of those laws or any other law.

### IDENTITY OF THE PARTIES

2. Admitted that Plaintiff, Joy Crews ("Plaintiff" or "Crews"), is over the age of nineteen (19) years. Further admitted that the Plaintiff was employed by Dolgencorp in

Georgia and Alabama. Dolgencorp lacks knowledge and information sufficient to form a belief as to whether the Plaintiff resides in Randolph County, Alabama and, therefore, denies same.

    3.    Admitted.

    4.    To the extent any response is required, denied.

### FACTUAL ALLEGATIONS

    5.    Admitted.

    6.    Admitted.

    7.    Admitted.

    8.    Admitted.

    9.    Admitted that the performance of the responsibilities of Crews' position were a necessary and integral part of Dolgencorp's business and essential to its success. Otherwise, denied.

    10.    Denied.

    11.    Admitted that Crews worked for Dolgencorp in stores located in Georgia and Alabama. Admitted that Crews was employed by Dolgencorp until July 15, 2005, her effective date of termination. Denied that Crews was first employed by Dolgencorp on January 28, 2003.

    12.-16.    Denied.

    17.    Admitted.

    18.    Denied.

Dolgencorp denies that the Plaintiff is entitled to the relief requested in her Prayer for Relief or to any other relief and, in further defense, asserts:

## FIRST DEFENSE

With regard to any allegations in the Complaint that involve incidents or actions by Dolgencorp alleged to have occurred or that in fact did occur more than 180 days prior to Plaintiff's filing of her civil complaint, said filing was untimely.

## SECOND DEFENSE

Any act or omission by Dolgencorp giving rise to a claim under the FLSA was not willful but was made in good faith and based upon reasonable grounds that the act or omission did not violate the FLSA.

## THIRD DEFENSE

To the extent that the plaintiff has "unclean hands," her claims for equitable relief are barred.

## FOURTH DEFENSE

The plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, release, consent and/or estoppel.

## FIFTH DEFENSE

The plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, payment and waiver in accordance with the FLSA, 29 U.S.C. § 216(c).

## SIXTH DEFENSE

The complaint, in part, fails to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

The plaintiff's claims are barred to the extent that she failed to mitigate her alleged damages, if any.

## EIGHTH DEFENSE

3

As discovery proceeds, Dolgencorp reserves the right to raise the defense that the plaintiff has failed to satisfy the statutory conditions precedent to filing suit.

### NINTH DEFENSE

Dolgencorp's actions relative to plaintiff were taken for legitimate, non-discriminatory reasons.

### TENTH DEFENSE

Dolgencorp had no knowledge of, nor should it have had knowledge of, any alleged off-the-clock work by the plaintiff, and it did not authorize, require, request, suffer or permit such activity by the plaintiff.

### ELEVENTH DEFENSE

If any supervisor or manager authorized, required, requested, suffered or permitted an employee to work off the clock, such supervisor or manager acted outside the scope of his or her employment.

### TWELFTH DEFENSE

Dolgencorp did not willfully deprive any person who allegedly worked off the clock of any wages to which they were entitled under the FLSA.

### THIRTEENTH DEFENSE

The plaintiff is not entitled to recover liquidated damages because Dolgencorp at all times acted in good faith and with reasonable grounds for believing that it had not violated the FLSA.

### FOURTEENTH DEFENSE

The plaintiff is not entitled to any recovery because any alleged acts or omissions were made by Dolgencorp in good faith in conformity with and reliance on applicable

4

administrative regulation, order, ruling, approval or interpretation, or administrative practice or enforcement policy with respect to the class of employers to which Dolgencorp belongs.

### FIFTEENTH DEFENSE

The Plaintiff did not complain to Dolgencorp including by means of its open door policy or its toll-free hotline or otherwise, regarding her alleged off-the-clock work.

### SIXTEENTH DEFENSE

All or part of the time for which the plaintiff seek compensation does not constitute compensable work time.

### SEVENTEENTH DEFENSE

All or part of the claims are barred under the *de minimis* doctrine.

### EIGHTEENTH DEFENSE

The complaint fails to state a claim against Dolgencorp upon which compensatory damages, liquidated damages or exemplary damages can be awarded.

### NINETEENTH DEFENSE

The complaint fails to state a claim against Dolgencorp upon which attorneys' fees or costs can be awarded.

### TWENTIETH DEFENSE

The complaint fails to state a claim against Dolgencorp upon which declaratory or injunctive relief can be awarded.

### TWENTY-FIRST DEFENSE

Although Dolgencorp denies plaintiff's age was a determinative or substantial motivating factor in any adverse employment action which may be found to have occurred, if plaintiff demonstrates that her age was such a factor, in the case of each such decision or

5

alleged adverse employment action, Dolgencorp will show that the same decision would have been reached regardless of plaintiff's age.

### TWENTY-SECOND DEFENSE

Dolgencorp's conduct toward plaintiff was at all times in good faith and was not willfully discriminatory.

### TWENTY-THIRD DEFENSE

Plaintiff cannot identify a similarly situated employee who was treated differently from her on the basis of age.

### TWENTY-FOURTH DEFENSE

Dolgencorp reserves the right to raise the defense of after-acquired evidence.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of in pari delicto.

### TWENTY-SIXTH DEFENSE

Plaintiff cannot establish a prima facie case on any of her claims as stated against Dolgencorp.

### TWENTY-SEVENTH DEFENSE

Pursuant to Ala. Code § 25-1-29, Dolgencorp asserts all defenses available to be raised to a claim brought under the federal Age Discrimination in Employment Act.

### TWENTY-EIGHTH DEFENSE

Dolgencorp reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

Dolgencorp requests an award of its costs, expenses and attorney's fees.

Dated this 1st day of February, 2006.

6

Respectfully submitted,

s/J. Trent Scofield
Bar No.: ASB-1191-E67J

s/Christopher W. Deering
Bar No.: ASB-5555-I71C

J. Trent Scofield, Esq.
Christopher W. Deering, Esq.
**Ogletree, Deakins, Nash,**
  **Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: christopher.deering@odnss.com

### CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jere L. Beasley, Esq.
W. Daniel Miles, III, Esq.
Roman A. Shaul, Esq.
**Beasley, Allen, Crow, Methvin,**
 **Portis, & Miles, P.C.**
P.O. Box 4160
Montgomery, AL  36103

s/Christopher W. Deering
Bar Number: DEE-006 / ASB-5555-I7IC
Attorney for Defendant,
Dolgencorp, Inc.

7