IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOY CREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | |
| ) | 3:06-cv-00047-MEF-VPM |
| DOLGENCORP, INC. ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT DOLGENCORP, INC.'S
## MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant, Dolgencorp, Inc. ("Defendant" or "Dolgencorp") and respectfully moves this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure, to grant summary judgment in its favor on all of Plaintiff Joy Crews' ("Plaintiff" or "Crews") claims against it.  Dolgencorp bases this motion upon the following separate, severable, and alternative grounds:

1.  Plaintiff's Alabama Age Discrimination in Employment Act, Ala. Code 1975, § 25-1-20 *et seq.* ("AADEA") discriminatory discharge claim fails as a matter of law because:

    a.  she cannot establish a *prima facie* case of discrimination under the Act;

    b.  she voluntarily resigned her employment at Dolgencorp; and

    c.  even if she could demonstrate she was in fact terminated, she cannot establish that Dolgencorp's legitimate, non-discriminatory reasons were pretext for an intent to discriminate against her on the basis of her age.

2.  Plaintiff's AADEA discriminatory demotion claims fail as a matter of law

because:

   a.   she cannot establish a *prima facie* case of discrimination demotion under the Act with respect to her purported demotion from the Assistant Store Manager position to Lead Clerk, or with respect to her demotion from the Lead Clerk position to the Clerk position;

   b.   even if she could establish a *prima facie* case for either of these demotion claims, Plaintiff has no evidence that Dolgencorp's legitimate, nondiscriminatory reasons for her demotion(s) were pretext for age discrimination.

3.   Plaintiff's "off the clock" claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* fails as a matter of law because she cannot prove with "definite and certain evidence" that she performed work for which she was not properly compensated.

4.   In support of its Motion for Summary Judgment, Dolgencorp relies on its Brief in Support of Its Motion for Summary Judgment and its Evidentiary Submission in Support of Its Motion for Summary Judgment, both of which have been filed contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Dolgencorp respectfully requests that the Court grant its Motion for Summary Judgment upon all of Plaintiff's claims against it, or provide such other relief as the Court deems appropriate.

Respectfully submitted,

s/Christopher W. Deering
Bar No.: ASB-5555-I71C

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
**Ogletree, Deakins, Nash,**
   **Smoak & Stewart, P.C.**
One Federal Place, Suite 1000

2

>1819 Fifth Avenue North
>Birmingham, Alabama 35203
>Telephone: (205) 328-1900
>Facsimile: (205) 328-6000
>E-mail: christopher.deering@odnss.com
>E-mail: ryan.aday@odnss.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jere L. Beasley -- jere.beasley@beasleyallen.com

Wilson Daniel Miles, III -- dee.miles@beasleyallen.com

Roman Ashley Shaul -- roman.shaul@beasleyallen.com

>s/Christopher W. Deering
>Christopher W. Deering
>Bar Number: DEE-006 / ASB-5555-I7IC
>Attorney for Defendant,
>Dolgencorp, Inc.

4477384.1

3