# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOY CREWS, | ) |
| Plaintiff, | ) ) ) CIVIL ACTION NUMBER: |
| v. | ) ) 3:06-cv-00047-MEF-VPM |
| DOLGENCORP, INC. | ) ) |
| Defendant. | ) |

## DECLARATION OF NORMAN KENNESSEY

I, Norman Kennessey, state the following:

1. My name is Norman Kennessey. I am over the age of 21 years, and I am suffering from no legal disability.

2. I am currently a District Manager for Dolgencorp, Inc. ("Dolgencorp").

3. This declaration is based upon personal knowledge and my review and inspection of certain business records of Dolgencorp. Those records were created and maintained in the regular course of business.

4. By virtue of my position, I have access to personnel files and payroll records for employees both past and present.

5. Plaintiff Joy Crews ("Crews") did not receive an increase in pay rate in connection with her promotion from Clerk to Lead Clerk.

6. On April 30, 2005, I approved Plaintiff Joy Crews' ("Crews") request to transfer as a Lead Clerk from Store No. 4800 to Store No. 5842.

7. At the time I approved Crews' transfer, I was unaware that she had received two Progressive Counseling Records dated October 19, 2004, and April 4, 2005, while she was working as Lead Clerk at Store No. 4800.

8. Crews was never formally promoted to the position of Assistant Manager during her employment with Dolgencorp.

9. I hired Gordon Lee Gilliam as an Assistant Manager who would work as needed at various stores within the district, including Store No. 5842.

10. On June 3, 2005, I met with Crews and Lynda Hall ("Ms. Hall") and told Plaintiff that due to her failure to satisfactorily perform the duties of the Lead Clerk position that the decision was made not to promote Plaintiff to the Assistant Manager position

11. Additionally, during the June 3, 2005, meeting, I told Crews that she would no longer be part of the management team of Store No. 5842, thereby demoting her from the Lead Clerk position to the Clerk position.

12. I also told Crews during the June 3, 2005, meeting that if her job performance improved that the possibility of promoting her in the future remained open.

13. I made the decision to demote Crews from Lead Clerk to Clerk because of Plaintiff's substandard job performance.

14. Crews did not receive a reduction in her pay rate in connection with her demotion from Lead Clerk to Clerk.

15 Plaintiff resigned her employment with Dolgencorp on July 15, 2005.

16. By virtue of my position as District Manager, I would likely have been the one to make any ultimate decision regarding any possible termination of Plaintiff's employment.

17. The "safe fund" is the money located in the store's safe that is used exclusively for the purpose of making change when a customer pays with a large bill and for replenishing the cash register(s) with cash or needed denominations of such cash throughout a given work day.

18. "Drawer counting" is the process of counting a cash register drawer to determine if it has the proper amount of money in it.

19. A "pick up" is a cash transfer that is performed regularly to remove excess cash from the register drawers.

20. "Recovery" is the process of cleaning the store and putting misplaced merchandise back in its assigned area of the store.

21. "Face fronting" is the process of stocking the store shelves with merchandise and arranging the merchandise so that the product label or the product itself is pulled to the front of the self for easy viewing and accesses by the customer.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this __15__ day of November, 2006.

                                                                                 Norman Kennessey

4505244.1

3