UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PENNY ROBINSON,

    Plaintiff,

v.                                               CASE NO.: 5:06-CV-122-OC-10GRT

DOLGENCORP, INC., a
Foreign Corporation, d/b/a
DOLLAR GENERAL CORP.

    Defendant.
_____/

## AFFIDAVIT OF PENNY ROBINSON

BEFORE ME, the undersigned authority, an officer duly authorized to take oaths and administer acknowledgements, appeared PENNY ROBINSON, who upon first being duly sworn, deposed and stated as follows:

1. My name is PENNY ROBINSON.

2. I am the named Plaintiff in the above-referenced action.

3. I make this Affidavit based upon personal knowledge.

4. From approximately October 2005 until February 2006, I worked for Defendant, Dolgencorp, Inc., d/b/a Dollar General Corp. ("Defendant"), as a customer service employee in, among others, Sumter County, Florida.

5. In this regard, I was employed by Defendant to perform various customer service functions for Defendant. Among other things, I was responsible for greeting and assisting customers with their purchases, monitoring store inventory, and clean up of the store. In this capacity, Defendant paid me on an hourly basis.

6. During my employment with Defendant, I regularly worked in excess of forty (40) hours per workweek.

7. During my employment with Defendant I was not properly paid time and one-half my regular rate of pay for all hours worked in excess of forty (40) per work week. Instead, Defendant required me to work overtime hours "off the clock" without compensation for same. Specifically, Defendant reduced my actual hours worked in its computer system to avoid payment to me of my proper overtime pay.

8. As a result of this practice, Defendant failed to pay me full and proper overtime compensation as required by the FLSA.

9. During my employment with Defendant, I personally observed that there were numerous other customer service employees who: (a) performed the same job duties that I performed; (b) worked the same amount of hours that I worked per workweek; and (c) were paid in the same manner in which I was paid (i.e. required to work overtime hours "off the clock" without compensation).

10. My purpose in bringing this lawsuit is not only to receive the full overtime wages owed to me, but also to help other customer service employees get the full and proper overtime compensation owed to them. It is important to me that all of Defendant's current and former customer service employees, who were required to work overtime hours "off the clock" without compensation, be fairly paid.

11. I anticipate that other current and former customer service employees will join this litigation if they are given notice of it and an opportunity to join it. In this regard, I believe Defendant's other current and former customer service employees remain uninformed of this case. Three other customer service employees named Beverly Smith, Sandra Jean Jerome and

Karen Adkins learned of my claims since the time I filed them, and have since opted-in to this action.

12. I fully understand and aver the allegations contained within this Affidavit are true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT:

By _Penny Robinson_
PENNY ROBINSON

STATE OF FLORIDA

COUNTY OF Sumter

SWORN TO AND SUBSCRIBED before me this 10 day of ~~June~~ July 2006. The Affiant, PENNY ROBINSON, is [   ] personally known to me or [ X ] has produced FLDL as identification, which is current or has been issued within the past five years and bars a serial number or other identifying number.

Kellie M. Mason
Print Name:

_Kellie M. Mason_
NOTARY PUBLIC-STATE OF FLORIDA

Commission Number:

My commission expires:



KELLIE M. MASON
Notary Public - State of Florida
My Commission Expires Mar 16, 2009
Commission # DD 408105

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PENNY ROBINSON,

    Plaintiff,

v.                                                                                          CASE NO.: 5:06-CV-122-OC-10GRT

DOLGENCORP, INC., a
Foreign Corporation, d/b/a
DOLLAR GENERAL CORP.

    Defendant.
_____/

### AFFIDAVIT OF BEVERLY SMITH

BEFORE ME, the undersigned authority, an officer duly authorized to take oaths and administer acknowledgements, appeared BEVERLY SMITH, who upon first being duly sworn, deposed and stated as follows:

1. My name is BEVERLY SMITH.

2. I learned of the above referenced action in March 2006. Since that time, I have filed a Notice of Consent to Join.

3. I make this Affidavit based upon personal knowledge.

4. From approximately June 28, 2005 until February 17, 2006, I worked for Defendant, Dolgencorp, Inc., d/b/a Dollar General Corp. ("Defendant"), as a customer service employee in, among others, Sumter County, Florida.

5. In this regard, I was employed by Defendant to perform various customer service functions for Defendant. Among other things, I was responsible for greeting and assisting

customers with their purchases, monitoring store inventory, and clean up of the store. In this capacity, Defendant paid me on an hourly basis.

6. During my employment with Defendant, I regularly worked in excess of forty (40) hours per workweek.

7. During my employment with Defendant I was not properly paid time and one-half my regular rate of pay for all hours worked in excess of forty (40) per work week. Instead, Defendant required me to work overtime hours "off the clock" without compensation for same. Specifically, Defendant reduced my actual hours worked in its computer system to avoid payment to me of my proper overtime pay.

8. As a result of this practice, Defendant failed to pay me full and proper overtime compensation as required by the FLSA.

9. During my employment with Defendant, I personally observed that there were numerous other customer service employees who: (a) performed the same job duties that I performed; (b) worked the same amount of hours (or more) that I worked per workweek; and (c) were paid in the same manner in which I was paid (i.e. required to work overtime hours "off the clock" without compensation).

10. I fully understand and aver the allegations contained within this Affidavit are true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT:

By: *Beverly Smith*
BEVERLY SMITH

STATE OF FLORIDA

COUNTY OF Sumter

SWORN TO AND SUBSCRIBED before me this 20th day of June 2006. The Affiant, BEVERLY SMITH, is [ ] personally known to me or [ X ] has produced FL DL as identification, which is current or has been issued within the past five years and bars a serial number or other identifying number.

Kellie M. Mason
Print Name:

Kellie M. Mason
NOTARY PUBLIC-STATE OF FLORIDA

Commission Number: DD 408105

My commission expires: March 16, 2009



KELLIE M. MASON
Notary Public - State of Florida
My Commission Expires Mar 16, 2009
Commission # DD 408105

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PENNY ROBINSON,

    Plaintiff,

v.        CASE NO.: 5:06-CV-122-OC-10GRT

DOLGENCORP, INC., a
Foreign Corporation, d/b/a
DOLLAR GENERAL CORP.

    Defendant.
_____/

## AFFIDAVIT OF SANDRA JEAN JEROME

BEFORE ME, the undersigned authority, an officer duly authorized to take oaths and administer acknowledgements, appeared SANDRA JEAN JEROME, who upon first being duly sworn, deposed and stated as follows:

1. My name is SANDRA JEAN JEROME.

2. I learned of the above referenced action in March 2006. Since that time, I have filed a Notice of Consent to Join.

3. I make this Affidavit based upon personal knowledge.

4. From approximately October 2005 until February 2006, I worked for Defendant, Dolgencorp, Inc., d/b/a Dollar General Corp. ("Defendant"), as a customer service employee in, among others, Sumter County, Florida.

5. In this regard, I was employed by Defendant to perform various customer service functions for Defendant. Among other things, I was responsible for greeting and assisting

customers with their purchases, monitoring store inventory, and clean up of the store. In this capacity, Defendant paid me on an hourly basis.

6. During my employment with Defendant, I regularly worked in excess of forty (40) hours per workweek.

7. During my employment with Defendant I was not properly paid time and one-half my regular rate of pay for all hours worked in excess of forty (40) per work week. Instead, Defendant required me to work overtime hours "off the clock" without compensation for same. Specifically, Defendant reduced my actual hours worked in its computer system to avoid payment to me of my proper overtime pay.

8. As a result of this practice, Defendant failed to pay me full and proper overtime compensation as required by the FLSA.

9. During my employment with Defendant, I personally observed that there were numerous other customer service employees who: (a) performed the same job duties that I performed; (b) worked the same amount of hours (or more) that I worked per workweek; and (c) were paid in the same manner in which I was paid (i.e. required to work overtime hours "off the clock" without compensation).

10. I fully understand and aver the allegations contained within this Affidavit are true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NAUGHT:

By: _____
SANDRA JEAN JEROME

STATE OF FLORIDA

COUNTY OF Sumter

SWORN TO AND SUBSCRIBED before me this 7th day of June 2006. The Affiant, SANDRA JEAN JEROME, is [ ] personally known to me or [ X ] has produced FL DL as identification, which is current or has been issued within the past five years and bars a serial number or other identifying number.

Jessica Chancey
Print Name:

_____
NOTARY PUBLIC-STATE OF FLORIDA

Commission Number:

My commission expires:

JESSICA CHANCEY
Notary Public - State of Florida
My Commission Expires Jun 25, 2008
Commission # DD327478
Bonded By National Notary Assn.

3

## CONSENT TO BE "PARTY PLAINTIFF" UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am a former or current employee of Dollar General.

I consent to become a "party plaintiff" in Tammy Brickey, et al, v. Dolgencorp, Inc. and Dollar General Corporation, Case No. 06 CV 06084, a Fair Labor Standards Act (FLSA) lawsuit seeking payment of unpaid wages, including overtime wages, and related relief against Dollar General, on behalf of myself and other former and current employees of Dollar General, including employees and former employees in any of the following job titles: assistant manager and keyholder.

PATRICK KEITH
Print Name

_[signature]_
Signature

175 Diamond loch Apt. #40
Gilmer Texas 75644
903 806 7025

Address and phone number

August 1, 2006
Date

## CONSENT TO JOIN FORM

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)

I am a current or former employee of Dollar General who, at some point since July 19, 2003, worked as an assistant store manager, assistant manager, floating manager, floater, key holder, or other similar non-exempt position, at a Dollar General store.

I choose to participate in the FLSA collective action entitled *Brickey et al. v. Dolgencorp, Inc. et al.*, Case No. 06 CV 6084, currently pending in the United States District Court, Western District of New York.

I choose to be represented in this matter by the named plaintiffs in this action.

DATED: Nov 3 06    *Judy Jenkins*
                    Signature

                    Judy Jenkins
                    Print Name

## CONSENT TO JOIN FORM

### CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)

I am a current or former employee of Dollar General who, at some point since July 19, 2003, worked as an assistant store manager, assistant manager, floating manager, floater, key holder, or other similar non-exempt position, at a Dollar General store.

I choose to participate in the FLSA collective action entitled *Brickey et al. v. Dolgencorp, Inc. et al.*, Case No. 06 CV 6084, currently pending in the United States District Court, Western District of New York.

I choose to be represented in this matter by the named plaintiffs in this action.

DATED: 10-27-06       *Chanda Thomas*
                      Signature

                      *Chanda Thomas*
                      Print Name

## CONSENT TO JOIN FORM

### CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)

I am a current or former employee of Dollar General who, at some point since July 19, 2003, worked as an assistant store manager, assistant manager, floating manager, floater, key holder, or other similar non-exempt position, at a Dollar General store.

I choose to participate in the FLSA collective action entitled *Brickey et al. v. Dolgencorp, Inc. et al.*, Case No. 06 CV 6084, currently pending in the United States District Court, Western District of New York.

I choose to be represented in this matter by the named plaintiffs in this action.

DATED: _Oct 27th, 2006_    _[signature]_
                            Signature

                            _Jamie A. Miles_
                            Print Name

## CONSENT TO JOIN FORM

### CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)

I am a current or former employee of Dollar General who, at some point since July 19, 2003, worked as an assistant store manager, assistant manager, floating manager, floater, key holder, or other similar non-exempt position, at a Dollar General store.

I choose to participate in the FLSA collective action entitled *Brickey et al. v. Dolgencorp, Inc. et al.*, Case No. 06 CV 6084, currently pending in the United States District Court, Western District of New York.

I choose to be represented in this matter by the named plaintiffs in this action.

DATED: 10/31/06

_____
Signature

Laurie Sandau
Print Name

## CONSENT TO JOIN FORM

### CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)

I am a current or former employee of Dollar General who, at some point since July 19, 2003, worked as an assistant store manager, assistant manager, floating manager, floater, key holder, or other similar non-exempt position, at a Dollar General store.

I choose to participate in the FLSA collective action entitled *Brickey et al. v. Dolgencorp, Inc. et al.*, Case No. 06 CV 6084, currently pending in the United States District Court, Western District of New York.

I choose to be represented in this matter by the named plaintiffs in this action.

DATED: 10/30/06

Signature

Print Name: Christopher Jackson

## CONSENT TO JOIN FORM

### CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)

I am a current or former employee of Dollar General who, at some point since July 19, 2003, worked as an assistant store manager, assistant manager, floating manager, floater, key holder, or other similar non-exempt position, at a Dollar General store.

I choose to participate in the FLSA collective action entitled *Brickey et al. v. Dolgencorp, Inc. et al.*, Case No. 06 CV 6084, currently pending in the United States District Court, Western District of New York.

I choose to be represented in this matter by the named plaintiffs in this action.

DATED: 10-22-06         _Cylinda A Chapman_
                        Signature

                        _Cylinda A Chapman_
                        Print Name

## CONSENT TO JOIN FORM

### CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)

I am a current or former employee of Dollar General who, at some point since July 19, 2003, worked as an assistant store manager, assistant manager, floating manager, floater, key holder, or other similar non-exempt position, at a Dollar General store.

I choose to participate in the FLSA collective action entitled *Brickey et al. v. Dolgencorp, Inc. et al.*, Case No. 06 CV 6084, currently pending in the United States District Court, Western District of New York.

I choose to be represented in this matter by the named plaintiffs in this action.

DATED: 10/26/06

_Darshon E. Rivera_
Signature

_Darshon E Rivera_
Print Name