IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOY CREWS, ) | |
| ) | |
| Crews, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | |
| ) | 3:06-cv-00047-MEF-WC |
| DOLGENCORP, INC. ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant Dolgencorp, Inc. ("Dolgencorp") and files its Reply to Plaintiff Joy Crews' ("Crews") Opposition to Dolgencorp's Motion for Summary Judgment. In support hereof, Dolgencorp states as follows:

I.  INTRODUCTION:

On November 15, 2006, Dolgencorp filed its Motion for Summary Judgment, along with a Brief and an Evidentiary Submission in support (collectively referred to as the "Summary Judgment Motion"). On December 1, 2006, Crews filed her Opposition to Dolgencorp's Motion for Summary Judgment (the "Opposition Brief"). As discussed both in Dolgencorp's Summary Judgment Motion and in this Reply, Dolgencorp is entitled to summary judgment on all claims.

II. **ARGUMENT:**

    A. **Crews' age discrimination claims cannot survive summary judgment.**

        1. **Crews' attempt to "change" her age discrimination claims in her Opposition Brief from the claims she pled in her Complaint does not preclude summary judgment.**

In apparent attempt to avoid summary judgment, Crews, in her Opposition Brief, states that Plaintiff's age claim is actually for an alleged discriminatory failure to promote, rather than for discriminatory termination and demotion. *See* Opposition Brief at 8. Paragraph 13 of Plaintiff's Complaint specifically states that "Plaintiff was demoted and terminated because of her age." Nowhere in the Complaint does Crews assert a discriminatory failure to promote claim. Dolgencorp clearly addressed the claims asserted in the Complaint in its Summary Judgment Motion. Moreover, Crews' allegation that Dolgencorp somehow contends that a viable claim of age discrimination can only arise in the context of a termination is simply not accurate. Crews' "eleventh hour" re-characterization of her claims should not be permitted now, and serves only to highlight the apparent weakness of her pled claims. Regardless how Crews characterizes her age claims, they are all due to be dismissed on summary judgment for the same legitimate, non-discriminatory reasons.

> 2. **Crews has not shown that any genuine issues of material fact exist with respect to any of her age discrimination claims, regardless how those claims are characterized now.**
>
>> (a) **The evidence is undisputed that Plaintiff was not qualified for either the Assistant Store Manager or Lead Clerk position, and therefore, she cannot establish a *prima facie* case.**

Notwithstanding Plaintiff's Opposition Brief, Crews has alleged claims of discriminatory demotion and termination.[1] In her Opposition Brief, Crews contends, based on ***nothing more than her own subjective opinion***, that she was "qualified" for both the Assistant Manager and Lead Clerk positions. *See* Opposition Brief at 9. Crews' subjective opinion of her own abilities is unworthy of credence, and cannot be used to create genuine issues of material fact. Tellingly, in her brief, Crews completely ignores the many written and verbal counselings she received during her employment. *See* Summary Judgment Motion at 15-17. While serving as Lead Clerk at Store 4800, Crews received two written counselings, both of which were unknown to District Manager Norman Kennessey ("Mr. Kennessey") when he agreed to transfer Crews to Store No. 5842. *See* Kennessey Declaration at ¶ 7, Exhibit "3" of Dolgencorp's Evidentiary Submission. Additionally, as discussed in more detail in the Summary Judgment Motion, Crews received numerous verbal counselings from Ms. Hall while serving as Lead Clerk at Store No. 5842. *See* Exhibits "4", "5", and "6" of Dolgencorp's Evidentiary Submission. She does not deny that she received

---

[1] As explained in Dolgencorp's Summary Judgment Motion, Plaintiff contends that she was discriminatorily demoted from Assistant Store Manager to Lead Clerk, and from Lead Clerk to Clerk.

3

these numerous counselings for her repeated job performance problems.

Based on her many documented and otherwise acknowledged job performance failures, it is simply impossible for Crews to contend now that she was qualified for the Lead Clerk or Assistant Manager position, and as a result, cannot sustain a *prima facie* case for her discriminatory demotion claims, or for her purported "failure to promote" claim.[2]

> **(b)    Even if Crews was somehow qualified for the Lead Clerk (or Assistant Manager) position, Crews has no evidence of pretext.**

As made clear in the Summary Judgment Brief, Crews attempts to establish pretext through her allegation that Lynda Hall ("Ms. Hall"), the Store Manager for Store No. 5842, once said that she wanted "cute and perky" employees. Ms. Hall denies making this statement, but in taking Crews' allegation as true for summary judgment purposes, it is grossly insufficient to allow Crews to survive summary judgment. As more fully detailed in Dolgencorp's Summary Judgment Brief, a comparison of the facts of this case to other similar cases readily reveals that Ms. Hall's alleged "cute and perky" comment does not even come close to the level of evidence needed to survive summary judgment on an age discrimination claim, particularly in the face of overwhelming evidence pointing to a legitimate, non-discriminatory reason for the employment decision here. *See Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998) (holding the plaintiff's supervisor's alleged

---

[2] To the extent Crews asserted a termination claim in her Complaint, she has expressly abandoned such a claim in her response to Dolgencorp's motion for summary judgment. *See* Opposition Brief, at 8.

statements that the plaintiff was not promoted because she was not "perky" and did not have "bounce" in her step were insufficient evidence of discrimination, and the district court's order granting the defendant summary judgment was affirmed.).

Furthermore, Mr. Kennessey, not Ms. Hall, to whom the "cute and perky" comment was attributed, made the decision to approve Crews' request to transfer to Store No. 5842, and to re-classify Crews from Lead Clerk to Clerk, which belies any claim that she was discriminated against on the basis of her age. *See Williams v. Vitro Services Corp.*, 144 F.3d 1438, 1443 (11th Cir. 1998) (holding that it is permissible for courts to draw an inference of non-discrimination when the alleged discriminator was the same person who hired the plaintiff only a short time earlier) (citing *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995)("an individual who is willing to hire and promote a person of a certain class is unlikely to fire them simply because they are a member of that class"). Pursuant to the holding in *Price Waterhouse v. Hopkins*, 109 S.Ct. 1775 (1989), the alleged comment is to be construed as a "stray remark", which cannot be used by Crews in her effort to survive summary judgment. Further illustrating Crews' lack of evidence of pretext is the undisputed fact that Mr. Kennessey did not make any potentially age-biased comments. Accordingly, Ms. Hall's alleged comment has no probative value here.

Crews' final attempt to show pretext is her conclusory and unsupported argument that a purported "disparity" in job experience between herself and the individuals who replaced her was "so great that a reasonable factfinder could infer that the employer did not believe the comparator was more qualified." Crews

5

contends that this inference is permissible merely because, as she alleges, she worked for Dolgencorp for "over two years" and the alleged comparators "had just begun to work" for Dolgencorp. *See* Opposition Brief at 10. No reasonable factfinder could conclude any evidence of discrimination based on these facts. While Crews did work for Dolgencorp for approximately two years, as discussed previously and in the Summary Judgment Motion, she had significant job performance problems. Crews has no evidence which would tend to suggest that she was more qualified for the Lead Clerk or Assistant Manager positions than anyone else because during her two years she demonstrated that she could not satisfactorily perform the functions of either job. Crews' conclusion that she must have been more qualified – based on her tenure alone -- than the individuals who remained in the Lead Clerk and Assistant Store Manager positions is based only on Crews' own subjective opinion, and therefore, cannot be relied upon in her effort to engineer a factual dispute with respect to pretext. *See Price v. Federal Express Co.*, 283 F.3d 715, 723 (5th Cir. 2002) (noting that the aggrieved plaintiff's "better education, work experience, and longer tenure with the company did not establish that he [was] clearly better qualified"); *Aldabblan v. Festive Pizza, LTD*, 380 F. Supp. 2d 1345, 1352 (S.D. Fla. 2005) (Plaintiff not entitled to an inference that he was qualified solely by virtue of his tenure in the position, which is fatal to his age discrimination claim) Accordingly, Dolgencorp is entitled to summary judgment on Crews' age discrimination claims.

B.  **Dolgencorp is entitled to summary judgment on Crews' "off the clock" FLSA claim.**

1.  **Crews has not presented definite and certain evidence to support her FLSA "off the clock" claim.**

As discussed in detail in the Summary Judgment Motion, Crews' has not presented sufficient evidence for her FLSA "off the clock" claim to survive summary judgment. An employee bringing suit for unpaid overtime compensation bears the burden to prove, with definite and certain evidence, that she performed work for which she was not properly compensated. *See Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) (citing *Anderson v. Mt. Clements Pottery Co.*, 328 U.S. 680, 686-87 (1946)). The only evidence Crews has presented is her own deposition testimony that she "guesses" she is entitled to unpaid overtime. *See* Crews' Depo. at 116, lines 15-23.[3] Crews' mere allegations, speculation and "guesses" are insufficient as a matter of law to allow her to survive summary judgment. *See Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428 (5th Cir. 2005) (affirming summary judgment where the plaintiff made unsupported allegations that she was compensated for unpaid overtime and where the plaintiff could not determine how much overtime she was allegedly owed.).

Further bolstering Crews' lack of any evidence of her alleged "off the clock" work is (1) her acknowledgment that she understood that it was against Dolgencorp

---

[3]   Q.   Sure. Alright. What is your best judgment as to the number of overtime hours on average per month at that Bowdon store that you should have been paid that you were not paid.

 A.   If I had to guess, and this is just a guess, eight hours every other week. And that's a guess, I mean, I don't know.

7

policy to work "off the clock" (*see* Crews' Depo. at 38, lines 12-12; 39, lines 1-19; 45, lines 11-23; Dolgencorp Acknowledgment Document, Exhibit "7"), (2) her acknowledgment that it was her responsibility to contact Dolgencorp's Employee Response Center if she had not been paid for all hours worked (*see* Exhibit "7"), and (3) the fact that Crews never contacted Dolgencorp's Employee Response Center (a toll-free hotline) regarding any nonpayment of wages (*see* Crews' Depo. at 54, lines 7-17). An employer's failure to compensate an employee for overtime hours is not a violation of Section 207 of the FLSA where the employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work. *See Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995); *see also Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) (affirming district court's grant of summary judgment for the employer because the employee turned in time sheets which did not include the overtime hours and the employee did not demonstrate that the employer should have known that the employee worked more hours than those claimed on his time sheets).

For argument's sake, if Crews' had contacted the Employee Response Center, or if she had complained to anyone at Dolgencorp that she was not being paid properly, then her allegations would at least have some contemporaneous evidentiary support. The fact remains that her allegations have no evidentiary support at all, and as a result, she cannot meet her burden and her claim must fail as a matter of law.

>   2.  Even if Crews could meet her burden of coming forth with definite and certain evidence, Dolgencorp's documentary evidence conclusively establishes that she was paid properly for each hour she worked at Store No. 4800.

Even if Crews could satisfy her burden of presenting definite and certain evidence to support her "off the clock" claim – which she cannot -- Dolgencorp has evidence establishing that Crews was in fact paid for each hour she worked. In her Opposition Brief, in addition to arguing that she has presented sufficient evidence, she also argues that Dolgencorp has not presented any evidence to rebut the inference created that she is entitled to unpaid overtime. *See* Opposition Brief at 7. To the contrary, Dolgencorp's time records establish precisely the dates and times Crews clocked in and out of work and that she was paid for all such time worked. *See* Crews' clock in/clock out sheets, attached to the Declaration of JoAnn Lampe as Exhibit "1", and Payment Detail Listing attached thereto as Exhibit "2."[4]

A review of the "clock in/clock out" sheets in conjunction with Crews' payroll records reveals that she was paid for each and every hour she worked at Store No. 4800. For example, for the payroll period ending February 14, 2003, Crews worked a total of 40.00 hours based on her clock in/clock out times. The accompanying payment detail listing shows that on February 21, 2006, Crews was

---

[4] Dolgencorp submits this evidence in response to issues raised in Plaintiff's Opposition Brief. While Dolgencorp believes that it is entitled to summary judgment on Crews' "off the clock" claim based on her lack of evidence and unsupported allegations, Dolgencorp submits the Declaration of JoAnn Lampe and the records attached thereto to show affirmatively that Crews was paid for each and every hour she worked at Store No. 4800. Additionally, as the discovery deadline in this case has not yet passed, this additional evidence presented in connection with this Reply Brief is properly before the court. Plaintiff has much of these records in her possession and presumably would have included them in her response if they had supported her claim. She did not.

paid for exactly 40.00 hours.[5] Comparing Crews' clock in/clock out records with her payroll records affirmatively show that Crews was paid for all the time she worked and that she is not entitled to any additional compensation. Crews testified during her deposition that it was her responsibility to clock in and clock out. *See* Crews' Depo. at 52, lines 7-9. Accordingly, even if Crews had definite and certain evidence in support of her claim, her allegations of denial of overtime compensation cannot overcome substantial evidence to the contrary. As a result, Dolgencorp is entitled to summary judgment on her FLSA claim.

### 3. The evidence Crews' submitted in support of her Opposition Brief is due to be stricken.

In connection with her Opposition Brief, Crews submitted an Evidentiary Filing which consisted of the following: (1) PACER Report Sheets for other, extra-jurisdictional FLSA cases involving Dolgencorp; and (2) declarations and opt-in consents from individuals that were submitted in other, extra-jurisdictional cases involving FLSA claims against Dolgencorp. *See* Plaintiff's Evidentiary Filing. Such "me too" evidence is irrelevant, prejudicial, and inadmissible, and is the subject of Dolgencorp's Motion to Strike Evidence Submitted by Plaintiff in Opposition to Summary Judgment, which is filed simultaneously with this reply. Accordingly, Crews cannot rely upon this purported evidence in her effort to avoid summary judgment or her claims in this case.

WHEREFORE, PREMISES CONSIDERED Dolgencorp respectfully

---

[5] Dolgencorp utilizes a one week payroll period. Employees receive their paycheck one week after the end of each payroll period.

requests that this Court enter an Order granting summary judgment with respect to all claims contained in Crews' Complaint.

                                               Respectfully submitted,

                                               /s/ Christopher W. Deering

                                             Christopher W. Deering
                                             Ryan M. Aday
                                             **Ogletree, Deakins, Nash,**
                                                  **Smoak & Stewart, P.C.**
                                             One Federal Place, Suite 1000
                                             1819 Fifth Avenue North
                                             Birmingham, Alabama 35203
                                             Telephone:  (205) 328-1900
                                             Facsimile:  (205) 328-6000

## CERTIFICATE OF SERVICE

I hereby certify that on December 8th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jere L. Beasley, Esq.
W. Daniel Miles, III, Esq.
Roman A. Shaul, Esq.
**Beasley, Allen, Crow, Methvin, Portis, & Miles, P.C.**
P.O. Box 4160
Montgomery, AL 36103

_____
Christopher W. Deering
Bar Number: DEE-006 / ASB-5555-I7IC
Attorney for Defendant,
Dolgencorp, Inc.

4552207.1