IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOY CREWS, )<br>)<br>    Crews, )<br>) | |
| ) | CIVIL ACTION NUMBER: |
| v. )<br>) | 3:06-cv-00047-MEF-WC |
| DOLGENCORP, INC. )<br>) | |
|     Defendant. ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "EVIDENCE"
SUBMITTED IN OPPOSITION TO DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW the Defendant Dolgencorp, Inc. ("Dolgencorp") and files its Motion to Strike Plaintiff Joy Crews' ("Crews") "Evidence" Submitted in Opposition to Dolgencorp's Motion for Summary Judgment. In support hereof, Dolgencorp states as follows:

**I.   INTRODUCTION:**

On November 15, 2006, Dolgencorp filed its Motion for Summary Judgment, along with a Brief and an Evidentiary Submission in support (collectively referred to as the "Summary Judgment Motion"). On December 1, 2006, Crews filed her Opposition to Dolgencorp's Motion for Summary Judgment (the "Opposition Brief"). In connection with the Opposition Brief, Crews submitted an Evidentiary Filing. The Evidentiary Filing consists of the following: (1) PACER Report Sheets for other, extra-jurisdictional FLSA cases involving Dolgencorp; and (2) bare-bones declarations from individuals which were submitted in other, extra-jurisdictional cases

involving FLSA claims against Dolgencorp.[1]  For the reasons explained herein, Crews' evidence constitutes "me too" evidence, which has been widely held to be inadmissible at trial.  As a result, the contents of Crews' Evidentiary Filing are due to be stricken from the record and not considered for summary judgment purposes, or for any other purpose in this litigation.

## II.   ARGUMENT:

### A.   "Me too" evidence is inadmissible and cannot be considered in determining a Motion for Summary Judgment.

Plaintiff's Evidentiary Filing is due to be stricken from the record as inadmissible "me too" evidence.  Courts have held that such "me too" evidence is properly excluded when it does not relate to the issues at hand.  *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 302 (5th Cir. 2000)("This court and others have held that testimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time from the plaintiff's termination cannot be probative of whether age was a determinative factor in the plaintiff's discharge."), *cert. denied*, 531 U.S. 1145 (2001); *Goff v. Continental Oil Co.*, 678 F.2d 593, 597 (5th Cir. 1982) (plaintiff not allowed to introduce testimony of three other employees alleging discrimination because such testimony did not relate to whether the plaintiff had suffered discrimination), *overruled on other grounds*, *Carter v. South Central Bell*, 912 F.2d 832 (5th Cir. 1990); *Swanson v. General Services Administration*, 110 F.3d 1180, 1190 (5th Cir. 1997)

---

[1] The declarations simply indicate opt-in status of the declarants into the respective cases; they do not set forth matters of substance.

(affirming the exclusion of testimony from witnesses who did not work in plaintiff's office where their anecdotal accounts of discrimination were based on speculation), *cert. denied*, 522 U.S. 948 (1997); *Schrand v. Federal Pacific Electric Co.*, 851 F.2d 152, 156 (6th Cir. 1988) (finding that testimony from former employees who worked in different offices from plaintiff and under different supervisors was irrelevant to plaintiff's age discrimination claim and was unfairly prejudicial because it focused attention on "totally unrelated events").

The PACER Report Sheets and the Declarations submitted by Crews as evidence in opposition to Dolgencorp's Summary Judgment Motion bear no relation to this case and are therefore irrelevant and inadmissible. The Declarations submitted are from individuals involved in other cases which have completely different factual situations[2] and have no bearing on the issues to be determined in this case. Crews' FLSA claim in this case involves allegations concerning store no. 4800 in Bowdon, Georgia, not stores located in New York or Florida involving different decision-makers and management personnel.

Moreover, submitting PACER Report Sheets showing the existence of other lawsuits against Dolgencorp has no probative value to the issues to be decided in this case and is therefore irrelevant. The mere existence of other lawsuits against Dolgencorp cannot in any way show that Crews is entitled to unpaid overtime. Accordingly, Crews' Evidentiary Filing is due to be stricken from the record.

Crews' submission of PACER Report Sheets of other cases outside the State

---

[2] Importantly, Crews does not claim to have any personal knowledge of the facts of those other cases beyond the pleadings and case file materials.

3

of Alabama involving FLSA claims against Dolgencorp and Declarations from individuals not involved with this case, are not otherwise admissible evidence and therefore, cannot be considered at the summary judgment stage. As explained above, Crews' Evidentiary Filing constitutes inadmissible "me too" evidence, and therefore, it is impossible for the contents of Crews' Evidentiary Filing to be reduced an admissible form at trial. As a result, the PACER Report Sheets and the Declarations are not properly considered <u>at any point</u> in this litigation.

WHEREFORE, PREMISES CONSIDERED Dolgencorp respectfully requests that this Court enter an Order striking Crews' Evidentiary Filing from the record.

Respectfully submitted,

/s/ Christopher W. Deering
Christopher W. Deering
Ryan M. Aday
**Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000

## CERTIFICATE OF SERVICE

I hereby certify that on December 8th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jere L. Beasley, Esq.
W. Daniel Miles, III, Esq.
Roman A. Shaul, Esq.
**Beasley, Allen, Crow, Methvin, Portis, & Miles, P.C.**
P.O. Box 4160
Montgomery, AL 36103

Christopher W. Deering
Bar Number: DEE-006 / ASB-5555-I7IC
Attorney for Defendant,
Dolgencorp, Inc.

4551449.1

5