IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOY CREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. |
| | ) | 3:06-cv-0047-MEF |
| DOLGENCORP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE "EVIDENCE" SUBMITTED IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff and offers her response to Defendant's *Motion to Strike*, as captioned above. Specifically, Plaintiff avers that:

1.   Defendant has argued that the evidence Plaintiff has offered of other individuals alleging similar misconduct is not admissible because it is considered "me too" evidence. Plaintiff has alleged that she worked "off-the-clock," without overtime pay, in contravention of the company's written policies and the Fair Labor Standards Act (hereinafter "FLSA"). Defendant has tried to rely on their written policies as a "good-faith" defense to escape paying liquidated damages in this case.

2.      First, the cases Defendant cites are not applicable to the instant action.  Defendant has not offered any case where this type of evidence was excluded in an overtime case.  In fact, all of the opinions Defendant cites were dealing with some form of age or race discrimination.

3.      Under the FLSA, work that is "suffered or permitted" by the employer, even if unauthorized, is generally seen as compensable work.  Thus, an employer must compensate its employees for unauthorized work that, even though prohibited, is performed with the knowledge and acquiesces of management. 29 C.F.R. §785.11.  The key factual inquiry is whether the employer knew or through use of reasonable diligence should have known that a person was performing work on the employer's behalf. Id.; Reich v. Department of Conversation & Natural Resources, 28 F.3d 1076, 1081-81 (11th Cir. 1994).

The mere promulgation of a rule against unauthorized work is not enough; it is the obligation of the Defendant to enforce such a rule. 29 C.F.R. § 785.13.  To avoid liability under the FLSA, an employer must "make every effort" to prevent the employee from performing the unauthorized work.  29 C.F.R. § 785.13; Reich v. Department of Conversation & Natural Resources, 28 F.3d 1076, 1081-81 (11th Cir. 1994); Zimmerman v. Netco, Inc., 2005 WL 2077307 (M.D. Fla. Aug. 26, 2005)(summary judgment denied even though weekly time sheets indicated the employee only worked 40 hours each week and the plaintiff had signed a company policy acknowledgment that it was her job to record all her hours); Mumbower v. Callicott, 526 F.2d. 1183 (8th Cir. 1975)(awarding overtime when employer made no effort to prevent employee from performing duties after normal hours except to advise them not to do so); In re Food Lion Effective Sched. Litig., 861 F.Supp. 1263, 1273 (E.D.N.C. 1994)(employer still liable

even though it instructed employees not to work off the clock, but failed to discipline them for violating the rule).

4. The evidence that Plaintiff has provided, which Defendant seeks to strike, is relevant because it demonstrates that their policy of "ensuring" compliance is insufficient. First, as demonstrated by the cited cases above, the type of pattern and practice evidence that Plaintiff has offered has been allowed in FLSA cases. Defendant's only argument that this evidence should be excluded is premised on the fact that the allegations of misconduct come from different individuals, who worked at different locations and for different supervisors. However, it is the very difference between these individuals that makes this evidence even more relevant.

The very fact that different individuals who do not know each other, can allege an identical violation of the same company policy, demonstrates that Defendant's written policies are not sufficient to ensure compliance with the FLSA. Additionally, the multiple allegations from different sources demonstrate that Defendant should at least have been aware of both the propensity and opportunity to ignore the written instructions in which they rely to ensure compliance with the FLSA. *See generally* Edmiston v. Skinnys, Inc., 2003 U.S. Dist. LEXIS 16179 (N.D. Tex .Sept. 15, 2003)(the tight budget constraints of the store created a propensity to under report hours).

5. Assuming *arguendo* that the Court thought the proffered evidence should be stricken, Plaintiff's deposition testimony is sufficient to survive summary judgment. As Plaintiff pointed out in her response to the motion for summary judgment, Defendant has not offered any

3

testimony to contradict Plaintiff's deposition statements that she was asked by her manager to work off the clock, or that she was paid overtime for all hours worked over 40.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully asks this Court to deny Defendant's motion to strike since the evidence proffered is relevant to negate the "good-faith" and reliance defense asserted.

/s/ Roman A. Shaul
_____
ROMAN A. SHAUL (ASB#5043-S58R)
One of the Attorneys for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone No. (334) 269-2343
Facsimile No. (334) 954-7555

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of December, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Christopher W. Deering and Ryan M. Aday.

/s/ Roman A. Shaul
_____
OF COUNSEL

4